IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CARMEN R.,

        Plaintiff,

v.

Civil Action No.
5:18-CV-0308 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

        Defendant.

---

APPEARANCES:

OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP
300 S. State Street
Suite 420
Syracuse, New York 13202

HOWARD D. OLINSKY, ESQ.
MATTHEW R. McGARRY, ESQ.

FOR DEFENDANT

HON. GRANT C. JAQUITH
United States Attorney for the
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

REBECCA H. ESTELLE, ESQ.
Special Assistant U.S. Attorney

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 26, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: February 27, 2019
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARMEN R.,
                                          Plaintiff,

-v-                                       5:18-cv-308

NANCY A. BERRYHILL, Acting Commissioner of
Social Security,

                                          Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
February 26, 2019
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    OLINSKY LAW FIRM
    300 South State Street
    Suite 420
    Syracuse, New York 13202
    BY: **MATTHEW ROBERT MCGARRY, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY: **REBECCA H. ESTELLE, ESQ.**

*Hannah F. Cavanaugh, RPR, CSR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

                (In chambers, counsel present by telephone.  Time noted:  10:12 a.m.)

                THE COURT:  All right.  I have before me a request for judicial review of an adverse determination by the Acting Commissioner pursuant to 42, United States Code, Sections 405(g) and 1383(c)(3).

                The background is as follows:  Plaintiff was born in January of 1970 and is currently 49 years of age.  She was 44 years old at the time of the hearing in this matter and 42 at the time of the alleged onset of her disability.  Plaintiff stands 5'4" in height and weighs 174 pounds.  She's right-hand dominant and lives in an apartment in Syracuse.  Plaintiff is divorced, has five children, but all are over the age of 18.  Plaintiff does not possess a driver's license.  She has a 6th grade education, although she told Dr. Noia she has an 8th grade education.  Irrespective of that, she does not have a high school degree, nor does she have a GED.

                Plaintiff last worked in October 2012 as a maintenance cleaning person in a commercial building.  She stopped working when she fell off her porch and injured herself.  She has also worked in various positions as a small engine mechanic, a brake mechanic, a janitor/dishwasher, a housekeeper at a hotel, and laborer.

                Physically, plaintiff suffers from shoulder and neck issues.  In March of 2015, she underwent an anterior lumbar

1  interbody fusion at the L5-S1 level by Dr. William Lavelle.  In
2  2004 or 2005, the record is unclear, she underwent neck surgery,
3  a C6-C7 fusion.  She has treated with Upstate Bone and Joint,
4  Dr. Krystle Williams.  She was going to physical therapy in
5  April of 2017, but did not go for six months.  She has also
6  treated at New York Spine and Wellness.
7           Mentally, the plaintiff suffers from anxiety and
8  depression and affective disorder, panic disorder with
9  agoraphobia.  She undergoes weekly counseling at the Syracuse
10 Health Center.  She is seen by Dr. B. Hines, a psychiatrist.
11 She has not had any hospitalization for any of her mental health
12 issues.  She receives Lorazepam for those.
13          Plaintiff does use a cane to ambulate occasionally
14 for her conditions.  She has been prescribed Naproxen,
15 Oxycodone, Hydrocodone, Trazodone, Tramadol, Meloxicam, Lyrica,
16 and Gabapentin.  In terms of daily activities, she can cook,
17 clean, do laundry, shower and dress, watch television.  She
18 cares for a three-year-old grandchild.  She has no hobbies.  At
19 56, during the hearing, she testified she has no computer, but
20 in 3E, the disability report, she says, yes, she has a computer.
21 That's 209.  She has two dogs.  She rides a bicycle and she
22 likes to fish.
23          Procedurally, the plaintiff applied for Title II and
24 Title XVI benefits under the Social Security Act on May 2, 2013,
25 alleging a disability onset date of October 15, 2012.  A hearing

1  was conducted by ALJ David Begley on November 4, 2014.  ALJ
2  Begley issued an unfavorable decision on February 5, 2015.  On
3  August 11, 2016, the Social Security Administration Appeals
4  Council denied plaintiff's request for a review.
5          In the intervening period while she was pursuing the
6  original claims, she applied on September 14, 2016, for
7  benefits.  Again, that application was later consolidated with
8  the existing applications.
9          On May 16, 2016, after plaintiff commenced a
10 challenge in this court of the original adverse determination,
11 the matter was remanded on stipulation to the parties.  The
12 Social Security Administration Appeals Council then issued a
13 decision on July 1, 2017, remanding the matter to an ALJ with
14 directives concerning what should be addressed in the new
15 decision.
16         On November 17, 2017, a hearing was conducted by
17 Administrative Law Judge Kenneth Theurer with a vocational
18 expert.  On January 18, 2018, the ALJ issued an unfavorable
19 decision and that became a final determination of the agency.
20 In his decision, the ALJ applied the familiar five-step
21 sequential test for determining disability.
22         At step one, he concluded plaintiff had not engaged
23 in substantial gainful activity since October 15, 2010, the
24 alleged onset date.
25         At step two, he concluded that plaintiff suffered

1  from severe impairments, including degenerative disc disease of
2  the lumbar and cervical spine, status post-surgery
3  (lumbar/cervical spine), anxiety, and depression.
4          He concluded at step three that those did not meet or
5  medically equal any of the listed presumptively disabling
6  impairments set forth in the Commissioner's regulations,
7  specifically considering listings 1.04, 12.04, and 12.06.  After
8  surveying the record, ALJ Theurer concluded that plaintiff
9  retains the residual functional capacity to perform a full range
10 of sedentary work with certain additional limitations relating
11 to both plaintiff's physical and mental conditions.  I won't
12 read it, but it's set forth at page 485 of the Administrative
13 Transcript.
14         At step four, ALJ Theurer concluded that plaintiff is
15 unable to perform her past relevant work as a tire changer,
16 small engine repair person, kitchen helper, and
17 housekeeper/cleaner.
18         At step five, after noting that if the
19 Medical-Vocational Guidelines were applied and plaintiff was
20 capable of performing a full range of sedentary work, Rule
21 201.19 of the grids would direct a finding of no disability.  He
22 sought testimony from a vocational expert and concluded based on
23 that testimony that with her RFC, plaintiff can perform as an
24 assembler, a production worker, and inspector, and therefore was
25 not disabled at the relevant times.

1     As you know, my task is limited to determining
2 whether correct legal principles were applied and the
3 determination is supported by substantial evidence, which is
4 defined as such evidence a reasonable person would find adequate
5 to support a conclusion.  It is an extremely deferential
6 standard.  I agree with the defendant's counsel on that score.
7     The primary issue here is the Administrative Law
8 Judge's treatment of listing 1.04.  That listing relates to
9 disorders of the spine and contains three parts, A, B, and C.
10 Only one of those three need to be met in order to conclusively
11 establish presumptive disability, *Alban v. Astrue*, 2012 WL
12 6728055, that is from 2012, the District of Connecticut.
13     However, in order to meet one of those three, you
14 must meet all of the criteria of any one, and *McKinney v.
15 Astrue*, 2008 WL 312758, a 2008 decision from the Northern
16 District of New York, stands for that proposition.  And of
17 course, under *Poupore v. Astrue,* it is plaintiff's burden to
18 establish that a listing has been met.  The Administrative Law
19 Judge unfortunately -- and this is consistent with my experience
20 with these -- the Administrative Law Judge does not contain any
21 sort of robust comprehensive discussion of listing 1.04.
22     Obviously, as defendant's counsel concedes, because
23 1.04 is rejected based on the plaintiff's ability to ambulate
24 effectively, it appears that the Administrative Law Judge was
25 focused on subpart C, which relates to lumbar spinal stenosis

1  and does require the inability to ambulate effectively.  As
2  counsel concedes, 1.04A does not.
3          It's true that if the rationale of the ALJ in
4  rejecting listing 1.04 altogether can be gleaned from the
5  entirety of the decision, then -- and of course, assuming that
6  that is supported by substantial evidence, then there's no basis
7  to set aside the determination.  For that, I can cite *Gonzales*
8  *v. Colvin*, 2016 WL 5477591.  That is from the Eastern District
9  of New York, 2016.  And of course -- I'm sorry, *Rockwood* also
10 stands for that proposition, *Rockwood v. Astrue*, 614 F. Supp. 2d
11 252 from the Northern District of New York, 2009.
12         My problem with this, as I indicated during oral
13 argument, I think perhaps if the recitation of the rejection of
14 listing 1.04 ended after the parenthetical, I might dig deeper
15 and try to determine whether that would apply to A and whether
16 that would be supported by substantial evidence.
17         I'm concerned about the phrase, "because the claimant
18 remains able to ambulate."  I think the ALJ was obviously
19 fixated on subsection C because of the existence of stenosis,
20 but as the Commissioner's counsel noted and conceded, there's
21 also evidence of nerve root compression, which would implicate
22 section A.  So that section requires neuro-anatomic distribution
23 of pain; limitation of motion of the spine; motor loss, either
24 atrophied with associated muscle weakness or muscle weakness
25 itself; accompanied by sensory or reflex loss; and if there's

1  involvement of the lower back, which there is here, positive

2  straight leg raising test, sitting and supine.

3           And although there's contrary evidence, there is

4  evidence in the record to support each of those.  Neuro-anatomic

5  distribution of pain, 1855.  There's clearly impingement.  I

6  should say that at the outset, the magnetic resonance imaging

7  testing of October 2013 and August 2014 and the 2017 CT

8  myelogram demonstrates that.

9           There's limitation on range of motion of the spine,

10 895, 1855, 1089, 890, and 1077.  Motor loss is obviously the

11 weakest of -- and no pun intended -- of the arguments, but there

12 is some indication of muscle loss or muscle weakness, 1630, for

13 example.  There's indication of sensory loss, reflex loss, 1630,

14 895, 898, 1077.  And there are indications of straight leg

15 raising, 311, that's on the left side, 1630, that's on the left

16 side, 1203, 1231, and 1614 on the left side.

17          So I find clear error because it appears to me that

18 the Administrative Law Judge was focused exclusively on 1.04C

19 and either did not consider or did not explain why he was

20 rejecting 1.04A.  Since I can't discern the rationale for

21 rejecting 1.04A, or at best it's unclear, I am remanding under

22 *Alban* and *Norman* -- the citation for *Norman* is -- bear with me.

23 I can't find it, but in any event it was, I believe, cited in

24 one of the briefs.  Oh, here it is.  It's 912 F. Supp. 2d,

25 2012 -- that's F. Supp. 2d 33, I'm sorry.  It's a 2012 decision.

So I think this ought to be remanded. I don't find any persuasive evidence of disability, but I think it should be remanded for a fuller consideration of whether or not plaintiff meets or medically equals listing 1.04A. So I'll grant judgment on the pleadings to the plaintiff, without a directed finding of disability, and remand the matter for further proceedings.

Thank you both for excellent presentations. Have a good day.

MS. ESTELLE: Thank you.

MR. MCGARRY: Thank you.

(Time noted: 10:27 a.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CSR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 27th day of February, 2019.

x _Hannah F. Cavanaugh_
HANNAH F. CAVANAUGH, RPR, CSR
Official U.S. Court Reporter